**Svilen ATANASOV, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71312.
I & NS No. A72–398–788.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided July 25, 2001.

■

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

We have jurisdiction under former 8 U.S.C. § 1105a(a), and we deny the petition.

The Board of Immigration Appeals (BIA) sufficiently addressed Petitioner's assignments of error. It also stated the specific grounds for its decision which enables us to conduct our review.[1] Thus, contrary to Petitioner's argument, the BIA's decision "me[t] the minimum standards for articulating reasons for denying relief" and was not an abuse of discretion.[2]

Moreover, there was substantial evidence to support the BIA's determination that Petitioner had not established a well-founded fear of future persecution and thus was not eligible for asylum.[3] Most importantly, Petitioner failed to address the opinion letter from the Department of State, which details the changed country conditions in Bulgaria.[4] In addition, there was evidence that Petitioner had earned financial success in his career as a ship's captain in the Bulgarian merchant marine, that Bulgarian authorities never disturbed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Castillo v. INS*, 951 F.2d 1117, 1121 (9th Cir.1991).

2. *Velarde v. INS*, 140 F.3d 1305, 1310 (9th Cir.1998).

3. We review for substantial evidence the BIA's determination that an alien is not eligible for asylum. *Lopez–Galarza v. INS*, 99 F.3d 954, 958 (9th Cir.1996). Under the substantial evidence standard, we must affirm the BIA's determination if it has made no error in law and if its factual findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks and citation omitted).

4. State Department reports are "the most appropriate and perhaps the best resource for information on political situations in foreign nations." *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir.1995) (internal quotations and citation omitted) (holding that such a report provided substantial evidence to support the conclusion that petitioner failed to demonstrate a well-founded fear of future persecution); *see also Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000) (same).

his family, and that he had no difficulty traveling out of Bulgaria. In light of this evidence, Petitioner's testimony concerning his fears that the hard-line communists know of his assistance to the Movement for Protection of People Rights and Freedom and his contacts with ethnic Turks and that these hard-line communists are still in power does not compel the conclusion that he has a well-founded fear of persecution if he returns to Bulgaria.[5]

Accordingly, we DENY the petition.

---

5. "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

In his brief to the BIA, Petitioner failed to raise the claim that he will be persecuted by ethnic Turks because they mistakenly believe he betrayed fellow Turks during police interrogation. Thus, we are without jurisdiction to address this claim. *Vargas v. INS,* 831 F.2d 906, 908 (9th Cir.1987).

